UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

**ANGELICA GUTIERREZ and**
other similarly situated individuals,

   Plaintiff(s),

vs.

**EL TORO LOCO CHURRASCARIA 8ST. LLC,**
a Florida Corporation, **EL TORO LOCO**
**CHURRASCARIA LLC,** a Florida Corporation,
**MARA ESPINOSA, JESSICA GONZALEZ,**
**ALDO ESPINOSA,** individually.

   **Defendants.**
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

  The Plaintiff, **ANGELICA GUTIERREZ**, by and through the undersigned counsel, sues the Defendants and allege:

1. This is an action to recover money damages for unpaid wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff, ANGELICA GUTIERREZ is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant, EL TORO LOCO CHURRASCARIA 8ST. LLC, is a Florida Profit corporation having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce.

1

4. Defendant, EL TORO LOCO CHURRASCARIA. LLC, is a Florida Profit corporation having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce.

5. Defendant, MARA ESPINOSA is the owner of EL TORO LOCO CHURRASCARIA 8ST. LLC and EL TORO LOCO CHURRASCARIA LLC and a resident of Miami-Dade County, Florida.

6. Defendant, JESSICA GONZALEZ is the owner of EL TORO LOCO CHURRASCARIA 8ST. LLC and EL TORO LOCO CHURRASCARIA LLC and a resident of Miami-Dade County, Florida.

7. Defendant, ALDO ESPINOSA is the owner of EL TORO LOCO CHURRASCARIA LLC and a resident of Miami-Dade County, Florida.

8. The Plaintiff, ANGELICA GUTIERREZ, worked as a take-out dispatcher taking orders over the phone from customers and from third-party online vendors such as UberEats, GrubHub and Postmates. The Plaintiff work for the Defendants likewise affects interstate commerce. Defendants employed Plaintiff as takeout dispatcher employed by EL TORO LOCO CHURRASCARIA 8ST. LLC, EL TORO LOCO CHURRASCARIA LLC and MARA ESPINOSA, JESSICA GONZALEZ, ALDO ESPINOSA.

9. While employed by Defendants, the Defendants failed to pay the Plaintiff, ANGELICA GUTIERREZ halftime rate for twenty-six (26) pay periods and is owed two hundred thirty-six and eighty four hundredth of hours (236.84) hours of halftime rate for any hours over 40.

10. Plaintiff, ANGELICA GUTIERREZ was paid between $9.00 and $13.00 an hour starting on or about **May 18, 2020** through **and continuing through January 31, 2021** but was only paid for straight time for any hours that she worked in excess of 40 hours per week.

Plaintiff seeks to recover for unpaid overtime and wages accumulated from the date of hire and/or from the date of the filing of this complaint.

11. Plaintiff was required to work in excess of 40 hours per week with no provisions for overtime wages.

12. Prior to the completion of discovery and to the best of Plaintiff, ANGELICA GUTIERREZ, knowledge, at the time of the filing of this complaint, **Plaintiff's, good faith estimate of unpaid wages** are as follows:

**Actual Damages** plus interest, representing the amount of unpaid wages on a bi-weekly basis as follows:

- Pay period one (pay period beginning June 1, 2020): ANGELICA GUTIERREZ worked .39 hours ($5.00 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $1.95.

- Pay period two (pay period beginning June 8, 2020): ANGELICA GUTIERREZ worked 15.72 ($5.00 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $78.60.

- Pay period three (pay period beginning June 15, 2020): ANGELICA GUTIERREZ worked 20.29 hours ($5.00 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $101.45.

- Pay period four (pay period beginning June 22, 2020): ANGELICA GUTIERREZ worked 11.18 hours ($5.00 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $55.90.

- Pay period five (pay period beginning June 29, 2020): ANGELICA GUTIERREZ worked 21.42 hours ($5.00 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $107.10.

- Pay period six (pay period beginning July 6, 2020): ANGELICA GUTIERREZ worked 11.2 hours ($5.00 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $56.00.

- Pay period seven (pay period beginning July 13, 2020): ANGELICA GUTIERREZ worked 3.5 hours ($5.00 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $17.50.

- Pay period eight (pay period beginning July 20, 2020): ANGELICA GUTIERREZ worked 3.75 hours ($5.00 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $18.75.

- Pay period nine (pay period beginning July 27, 2020): ANGELICA GUTIERREZ worked 5.66 hours ($5.00 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $28.30.

- Pay period ten (pay period beginning August 10, 2020): ANGELICA GUTIERREZ worked 1.95 hours ($5.00 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $9.75.

- Pay period eleven (pay period beginning August 17, 2020): ANGELICA GUTIERREZ worked 2.01 hours ($5.00 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $10.05.

- Pay period twelve (pay period beginning August 24, 2020): ANGELICA GUTIERREZ worked 8.55 hours ($5.00 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $42.75.

- Pay period thirteen (pay period beginning August 31, 2020): ANGELICA GUTIERREZ worked 2 hours ($5.50 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $11.00.

- Pay period fourteen (pay period beginning September 7, 2020): ANGELICA GUTIERREZ worked 12.96 hours ($5.50 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $71.28.

- Pay period fifteen (pay period beginning September 14, 2020): ANGELICA GUTIERREZ worked 15.17 hours ($5.50 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $83.44.

- Pay period sixteen (pay period beginning September 21, 2020): ANGELICA GUTIERREZ worked 22.89 hours ($6.50 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $148.79.

- Pay period seventeen (pay period beginning September 28, 2020): ANGELICA GUTIERREZ worked 9.95 hours ($6.50 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $64.68.

- Pay period eighteen (pay period beginning October 5, 2020): ANGELICA GUTIERREZ worked 5.59 hours ($6.50 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $36.34.

- Pay period nineteen (pay period beginning October 12, 2020): ANGELICA GUTIERREZ 5.43 hours ($6.50 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $35.30.

- Pay period twenty (pay period beginning October 19, 2020): ANGELICA GUTIERREZ worked 15.64 hours ($6.50 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $101.66.

- Pay period twenty-one (pay period beginning October 26, 2020): ANGELICA GUTIERREZ worked .73 hours ($6.50 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $4.74.

- Pay period twenty-two (pay period beginning November 2, 2020): ANGELICA GUTIERREZ worked 13.67 hours ($6.50 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $88.86.

- Pay period twenty-three (pay period beginning November 9, 2020): ANGELICA GUTIERREZ worked 10.29 hours ($6.50 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $66.89.

- Pay period twenty-four (pay period beginning November 16, 2020): ANGELICA GUTIERREZ worked 6.22 hours ($6.50 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $40.43.

- Pay period twenty-five (pay period beginning November 23, 2020): ANGELICA GUTIERREZ worked 6.92 hours ($6.50 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $44.98.

- Pay period twenty-six (pay period beginning January 4, 2021): ANGELICA GUTIERREZ worked 3.76 hours ($6.50 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $24.44.

13. Plaintiff, ANGELICA GUTIERREZ and the rest of the staff were also forced to pay for delivery order that were sent back and/or delivered to the wrong address by UberEats, Postmates and GrubHub through no fault of their own.

14. Plaintiff was forced to pay the following amounts from her personal funds:

| 12/30/2020 | $12.63 |

| | |
|---|---|
| 11/30/2020 | $10.36 |
| 7/25/2020 | $3.88 |
| 6/24/2020 | $2.62 |
| 6/22/2020 | $2.64 |
| 6/17/2020 | $28.10 |
| 6/8/2020 | $5.17 |
| 6/7/2020 | $13.50 |
| 6/3/2020 | $10.57 |
| 5/31/2020 | $23.33 |
| 5/26/2020 | $21.88 |
| | **$134.68** |

THEREFORE, the Plaintiff is owed a total of $1,485.58 in unpaid wages.

**Liquidated Damages** The nature of wages and statutory damages owed are unpaid, and untimely paid statutory minimum wages, and corresponding liquidated damages representing an equal amount in double damages/liquidated damages of $1,485.58.

**TOTAL DAMAGES: $ 2,971.16 in estimated damages plus reasonable attorney's fees and costs of suit**.

### COUNT I: FAILURE TO PAY
### VIOLATION BY EL TORO LOCO CHURRASCARIA 8ST. LLC., MARA ESPINOSA, AND JESSICA GONZALEZ

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 above as if set out in full herein.

16. At all times material hereto, the Defendants, EL TORO LOCO CHURRASCARIA 8ST. LLC, MARA ESPINOSA, AND JESSICA GONZALEZ, failed to comply with Title 29 U.S.C. §§201-219 and 29 C.F.R. and § 516.2 and §516.4 et seq. in that the Plaintiff, ANGELICA GUTIERREZ performed services and no provision was made by the Defendants to properly pay them as required by the act. The additional persons who may become Plaintiff in this action were weekly paid employees and/or former employees of the Defendants, EL TORO LOCO CHURRASCARIA 8ST. LLC, MARA ESPINOSA,

AND JESSICA GONZALEZ, who are and who were subject to the unlawful payroll practices and procedures of the Defendants.

17. The Defendants, EL TORO LOCO CHURRASCARIA 8ST. LLC, MARA ESPINOSA, AND JESSICA GONZALEZ, knew and/or showed reckless disregard for the provisions of the Act concerning the payment of wages required by the Fair Labor Standards Act (FLSA) and remain owing the Plaintiff unpaid wages as set forth above.

18. The Plaintiff are entitled to recover double damages. Defendants, EL TORO LOCO CHURRASCARIA 8ST. LLC, MARA ESPINOSA, AND JESSICA GONZALEZ never posted any notice, as required by the Fair Labor Standards Act (FLSA) and Federal Law, to inform employees of their federal rights to minimum wage payments.

19. The Defendants, EL TORO LOCO CHURRASCARIA 8ST. LLC, MARA ESPINOSA, AND JESSICA GONZALEZ willfully and intentionally refused to pay the Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these unpaid wages since June 2020.

20. The Plaintiff have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorney's fee.

21. The Defendants, EL TORO LOCO CHURRASCARIA 8ST. LLC, MARA ESPINOSA, AND JESSICA GONZALEZ, have violated the FLSA's prompt payment requirement by failing to pay Plaintiff, promptly.

22. The Defendants, EL TORO LOCO CHURRASCARIA 8ST. LLC, MARA ESPINOSA, AND JESSICA GONZALEZ violation of FLSA provisions concerning prompt, regular payment of wages were willful.

23. The Defendants, EL TORO LOCO CHURRASCARIA 8ST. LLC, MARA ESPINOSA, AND JESSICA GONZALEZ knew and/or showed reckless disregard for the provisions of the FLSA and its regulations concerning prompt, regular payment of wages.

24. The Plaintiff are entitled to recover liquidated damages in an amount equal the actual damages for Defendant's FLSA violation.

### COUNT II: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST , EL TORO LOCO CHURRASCARIA 8ST. LLC, MARA ESPINOSA, AND JESSICA GONZALEZ

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

26. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

27. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer/Defendants operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of the Employer/Defendants was at all times material hereto in excess of $500,000

per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

28. By reason of the foregoing, the Employer/Defendants are and were during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendants. Defendants, EL TORO LOCO CHURRASCARIA 8ST. LLC, MARA ESPINOSA, AND JESSICA GONZALEZ business activities involve those to which the Fair Labor Standards Act applies. The Defendant worked as a take-out dispatcher taking orders over the phone from customers and from third-party online vendors such as UberEats, GrubHub and Postmates. The Plaintiff' work for the Defendants likewise affects interstate commerce. Plaintiff's employment as a take-out dispatcher taking orders over the phone from customers and from third-party online vendors such as UberEats, GrubHub and Postmates performed various duties which included, any and all works that were necessary of her in the restaurant including covering shift of others stores.

29. At all times material hereto, the Employer/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiff in this action are bi-weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

30. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.  Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

31. At the times mentioned, Defendant MARA ESPINOSA AND JESSICA GONZALEZ were, and are now, the Managers and/or owner of Defendant Corporation.  Defendant, MARA ESPINOSA and JESSICA GONZALEZ, were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated.  Defendant, MARA ESPINOSA and JESSICA GONZALEZ, had operational control of the business, provided Plaintiff with her work schedule, and is jointly liable for Plaintiff' damages.

32. Defendants, EL TORO LOCO CHURRASCARIA 8ST. LLC, MARA ESPINOSA, and JESSICA GONZALEZ, willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff' employment with Defendants as set forth above.

33. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## COUNT III: VIOLATION OF THE FLORIDA MINIMUM WAGE ACT
### (Failure to Pay Minimum Wages)

Plaintiff adopts the allegations set forth in 1-14, as though set forth herein.

34. At all times during, the Plaintiff and others similarly situated were required to be paid a minimum hourly wage for every hour worked for the Employer and overtime for any hours over 40 hours at time and half.

35. Since 2020 through the present, Defendants have violated the provisions of §448.110, Florida Statute by failing to timely pay Plaintiff and others similarly situated, anything on the scheduled pay date, and/or ultimately paying them less than the minimum wage rates, and/or not paying them overtime required under both federal law, and under Florida law and the Florida Constitution.

36. Plaintiff have satisfied any condition precedent to filing this action, if any.

37. The Employer knew or showed a reckless and willful disregard for the provisions of the Florida Minimum Wage Act and the FLSA concerning the timely payment of minimum wages for all hours worked, and accordingly remains owing to the named Plaintiff and other similarly situated employees, unpaid minimum hourly wages for every hour worked during each respective pay period, and liquidated damages based upon the tardy or non-payment of wages due.

## COUNT IV: FAILURE TO PAY
### VIOLATION BY EL TORO LOCO CHURRASCARIA LLC,, MARA ESPINOSA, ALDO ESPINOSA AND JESSICA GONZALEZ

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 above as if set out in full herein.

39. At all times material hereto, the Defendants, EL TORO LOCO CHURRASCARIA LLC, MARA ESPINOSA, ALDO ESPINOSA AND JESSICA GONZALEZ, failed to comply with Title 29 U.S.C. §§201-219 and 29 C.F.R. and § 516.2 and §516.4 et seq. in that the

Plaintiff, ANGELICA GUTIERREZ performed services and no provision was made by the Defendants to properly pay them as required by the act. The additional persons who may become Plaintiff in this action were weekly paid employees and/or former employees of the Defendants, EL TORO LOCO CHURRASCARIA LLC, MARA ESPINOSA, ALDO ESPINOSA AND JESSICA GONZALEZ, who are and who were subject to the unlawful payroll practices and procedures of the Defendants.

40. The Defendants, EL TORO LOCO CHURRASCARIA LLC, MARA ESPINOSA, ALDO ESPINOSA AND JESSICA GONZALEZ, knew and/or showed reckless disregard for the provisions of the Act concerning the payment of wages required by the Fair Labor Standards Act (FLSA) and remain owing the Plaintiff unpaid wages as set forth above.

41. The Plaintiff are entitled to recover double damages. Defendants, EL TORO LOCO CHURRASCARIA LLC, MARA ESPINOSA, ALDO ESPINOSA AND JESSICA GONZALEZ never posted any notice, as required by the Fair Labor Standards Act (FLSA) and Federal Law, to inform employees of their federal rights to minimum wage payments.

42. The Defendants, EL TORO LOCO CHURRASCARIA LLC, MARA ESPINOSA, ALDO ESPINOSA AND JESSICA GONZALEZ willfully and intentionally refused to pay the Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these unpaid wages since June 2020.

43. The Plaintiff have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorney's fee.

44. The Defendants, EL TORO LOCO CHURRASCARIA LLC, MARA ESPINOSA, ALDO ESPINOSA AND JESSICA GONZALEZ, have violated the FLSA's prompt payment requirement by failing to pay Plaintiff, promptly.

45. The Defendants, EL TORO LOCO CHURRASCARIA LLC, MARA ESPINOSA, ALDO ESPINOSA AND JESSICA GONZALEZ violation of FLSA provisions concerning prompt, regular payment of wages were willful.

46. The Defendants, EL TORO LOCO CHURRASCARIA LLC, MARA ESPINOSA, ALDO ESPINOSA AND JESSICA GONZALEZ knew and/or showed reckless disregard for the provisions of the FLSA and its regulations concerning prompt, regular payment of wages.

47. The Plaintiff are entitled to recover liquidated damages in an amount equal the actual damages for Defendant's FLSA violation.

### COUNT V: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST , EL TORO LOCO CHURRASCARIA LLC, MARA ESPINOSA, ALDO ESPINOSA AND JESSICA GONZALEZ

48. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

49. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

50. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer/Defendants operates as an organization which sells and/or markets its services and/or goods to

customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer/Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

51. By reason of the foregoing, the Employer/Defendants are and were during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendants. Defendants, EL TORO LOCO CHURRASCARIA LLC, MARA ESPINOSA, ALDO ESPINOSA AND JESSICA GONZALEZ business activities involve those to which the Fair Labor Standards Act applies. The Defendant worked as a take-out dispatcher taking orders over the phone from customers and from third-party online vendors such as UberEats, GrubHub and Postmates. The Plaintiff' work for the Defendants likewise affects interstate commerce. Plaintiff's employment as a take-out dispatcher taking orders over the phone from customers and from third-party online vendors such as UberEats, GrubHub and Postmates performed various duties which included, any and all works that were necessary of her in the restaurant including covering shift of others stores.

52. At all times material hereto, the Employer/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours

provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiff in this action are bi-weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

53. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.  Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

54. At the times mentioned, Defendant MARA ESPINOSA, ALDO ESPINOSA AND JESSICA GONZALEZ were, and are now, the Managers and/or owner of Defendant Corporation.  Defendant, MARA ESPINOSA, ALDO ESPINOSA and JESSICA GONZALEZ, were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. Defendant, MARA ESPINOSA, ALDO ESPINOSA and JESSICA GONZALEZ, had operational control of the business, provided Plaintiff with her work schedule, and is jointly liable for Plaintiff' damages.

55. Defendants, EL TORO LOCO CHURRASCARIA LLC, MARA ESPINOSA, ALDO ESPINOSA AND JESSICA GONZALEZ, willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff' employment with Defendants as set forth above.

56. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## COUNT VI: VIOLATION OF THE FLORIDA MINIMUM WAGE ACT
### (Failure to Pay Minimum Wages)

Plaintiff adopts the allegations set forth in 1-14, as though set forth herein.

57. At all times during, the Plaintiff and others similarly situated were required to be paid a minimum hourly wage for every hour worked for the Employer and overtime for any hours over 40 hours at time and half.

58. Since 2020 through the present, Defendants have violated the provisions of §448.110, Florida Statute by failing to timely pay Plaintiff and others similarly situated, anything on the scheduled pay date, and/or ultimately paying them less than the minimum wage rates, and/or not paying them overtime required under both federal law, and under Florida law and the Florida Constitution.

59. Plaintiff have satisfied any condition precedent to filing this action, if any.

60. The Employer knew or showed a reckless and willful disregard for the provisions of the Florida Minimum Wage Act and the FLSA concerning the timely payment of minimum wages for all hours worked, and accordingly remains owing to the named Plaintiff and other similarly situated employees, unpaid minimum hourly wages for every hour worked during each respective pay period, and liquidated damages based upon the tardy or non-payment of wages due.

WHEREFORE, Plaintiff, **ANGELICA GUTIERREZ**, and others similarly situated demand the following: liquidated damages for the untimely payment of wages after the scheduled pay date; payment of unpaid minimum wages for every hour worked during applicable pay periods, together with reasonable attorney's fees and costs, to be proven at the time of trial. In the event that Plaintiff does not recover liquidated damages as allowed, then Plaintiff and those similarly situated demand an award of prejudgment interest as a lesser alternative to liquidated damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated individuals and against the Defendants, **EL TORO LOCO CHURRASCARIA 8ST. LLC, EL TORO LOCO CHURRASCARIA LLC, MARA ESPINOSA, JESSICA GONZALEZ, and ALDO ESPINOSA** on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., other Federal Regulations and Florida Statute§448.110 ; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law and Florida Law.

## JURY DEMAND

Plaintiff and those similarly-situated individuals demand trial by jury of all issues triable as of right by jury.

Dated: June 3, 2021

                                                  Respectfully submitted,

                                                  **JARA LAW FIRM**
                                                  13876 SW 56 Street, Suite 262
                                                  Miami, Florida 33175
                                                  Telephone: (305) 372-0290
                                                  Franklin@JaraLaw.com
                                                  Joanna@JaraLaw.com

                                                By: /s/ Franklin A. Jara_____
                                                      Franklin Antonio Jara, Esq.
                                                       Fla. Bar No. 636681