UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:21-cv-22062-JLK

**ANGELICA GUTIERREZ and**
**other similarly situated individuals,**

      **Plaintiff(s),**

vs.

**EL TORO LOCO CHURRASCARIA 8ST. LLC,**
a Florida Corporation, **EL TORO LOCO**
**CHURRASCARIA LLC,** a Florida Corporation,
**MARA ESPINOSA, JESSICA GONZALEZ,**
**ALDO  ESPINOSA, individually.**

      **Defendants.**
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION**
**TO DEFENDANTS' MOTION TO DISMISS**

The Plaintiff, Angelica Gutierrez, by and through undersigned counsel files this, Plaintiff's Response in Opposition to Defendants' Motion to Dismiss and in support thereof state as follows:

1. Defendants' Motion to Dismiss must be denied as the Plaintiff has met all pleading requirements, the Plaintiff has made factual allegations to meet the pleading requirements.

2. The Plaintiff has met the burden of a short and plain statement of the claim.

3. Plaintiff has alleged in her Amended Complaint [D.E.12] that she was employed by the Defendants, paragraphs 13, 14, and 17.

4. The Plaintiff has alleged in her Amended Complaint [D.E.12] that she was engaged in interstate commerce, paragraphs, 10, 12, 33, and 52.

5. The Plaintiff has alleged in her Amended Complaint [D.E.12] that she was not paid as required by law, paragraph 14.

1

6. The Plaintiff has alleged in her Amended Complaint [D.E.12] that that she has not been promptly paid, paragraphs 26, 27, 28, 45, 46, and 47.

7. Moreover, paragraph 17 of the Plaintiff's Amended Complaint [D.E.12] has detailed allegations of all late and unpaid payments, dates of payments and amounts.

8. Plaintiff has alleged failure to promptly pay, such violations give rise to claims under the FLSA for "liquidated damages", even if the employee was later paid the underlying required wages.

**MEMORANDUM OF LAW**

I. **Plaintiff's Burden of Proof FLSA/ Pleading Requirements for Prompt Payment**

In deciding a motion to dismiss pursuant to Rule 12 (b) (6) of the Federal Rules of Civil Procedure, a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. A motion to dismiss does not test the merits of the claim, but rather tests whether the allegations of the plaintiff's complaint are legally sufficient to raise a claim for relief. While a complaint providing grounds for entitlement to relief must present more than "labels and conclusions" and a formulaic recitation of the elements of the cause of action, it does not need detailed factual allegations.

"The Federal Rules of Civil Procedure 'do not require a claimant to set out in detail the facts upon which he basis his claim.' Instead, all that is required is that the claimant set forth a 'short and plain statement of the claim' sufficient to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Beacon College, Inc. v. Philadelphia Ind. Ins. Co.*, 2006 WL 485101 (M.D. Fla. February 28, 2006) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). As this Court stated:

> A court should only grant a motion to dismiss for failure to state a claim "when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) (quoting *Conley v. Gibson*, 335 U.S. 41, 45-46, 78 S.Ct. 99. 2 L.Ed.2d 80 (1957); see also Fed.R.Civ.P. 12(b)(6). The complaint need only contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). In short, the complaint must give the defendant fair notice of the plaintiff's claims and the grounds upon which it rests. *See Conley*, 355 U.S. at 47, 78 S.Ct. 99.
>
> When considering a motion to dismiss, the court must accept the well-pled facts in the complaint as true and construe them in the light most favorable to the plaintiff. *Beck v. Deloitte & Touche, Deloitte, Hasins & Sells, Ernest & Young, L.L.P.*, 144 F.3d 732, 735 (11th Cir. 1998). As the Eleventh Circuit has noted, "the threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." *In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995) (quotations omitted).

*In re Eagle Building Technologies, Inc. Securities Litigation*, 221 F.R.D. 582, 584-85 (S.D. Fla. 2004).

Despite the Defendants' position in their Motion to Dismiss, paragraph I(C) that, "it's the Plaintiff's burden in an action under the FLSA to 'prove' elements in order to recover . . .." The Plaintiff's burden, at this stage, is only to allege a short and plain statement of the claim showing that the pleader is entitled to relief. The Plaintiff has so done as demonstrated herein.

Plaintiff has alleged in her Amended Complaint [D.E.12] that she was employed by the Defendants, paragraphs 13, 14, and 17 all address her employment with both entities as joint employers.

> 13. The Plaintiff, ANGELICA GUTIERREZ, worked as a take-out dispatcher taking orders over the phone from customers and from third-party online vendors such as UberEats, GrubHub and Postmates. The Plaintiff work for the Defendants likewise affects interstate commerce. Defendants employed Plaintiff as takeout dispatcher employed by EL TORO LOCO CHURRASCARIA 8ST. LLC, EL TORO LOCO CHURRASCARIA LLC and MARA ESPINOSA, JESSICA GONZALEZ, ALDO ESPINOSA.
>
> 14. While employed by Defendants, the Defendants failed to pay the Plaintiff, ANGELICA GUTIERREZ halftime rate for twenty-six (26) pay periods and is owed two hundred thirty-six and eighty four hundredth of hours (236.84) hours of halftime rate for any hours over 40.

The Plaintiff has alleged in her Amended Complaint [D.E.12] that she was engaged in interstate commerce, paragraphs, 12, 33, and 52.

> 12. Plaintiff, and others similarly situated, were individually engaged in commerce within the meaning of the FLSA by virtue of the nature of the work they performed.
>
> 33. The Plaintiff work for the Defendants likewise affects interstate commerce.
>
> 52. Defendants employed Plaintiff as takeout dispatcher employed by EL TORO LOCO CHURRASCARIA 8ST. LLC, EL TORO LOCO CHURRASCARIA LLC and MARA ESPINOSA, JESSICA GONZALEZ, ALDO ESPINOSA.

The Plaintiff has alleged in her Amended Complaint [D.E.12] that she was not paid as required by law, paragraph 14, 34, and 53.

> 14. While employed by Defendants, the Defendants failed to pay the Plaintiff, ANGELICA GUTIERREZ halftime rate for twenty-six (26) pay periods and is owed two hundred thirty-six and eighty four hundredth of hours (236.84) hours of halftime rate for any hours over 40.
>
> 34. At all times material hereto, the Employer/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.
>
> 53. At all times material hereto, the Employer/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

The Plaintiff has alleged in her Amended Complaint [D.E.12] that that she has not been promptly paid, paragraphs 26, 27, 28, 45, 46, and 47.

> 26. The Defendants, EL TORO LOCO CHURRASCARIA 8ST. LLC, and MARA ESPINOSA, have violated the FLSA's prompt payment requirement by failing to pay Plaintiff, promptly.

4

27. The Defendants, EL TORO LOCO CHURRASCARIA 8ST. LLC, and MARA ESPINOSA, violation of FLSA provisions concerning prompt, regular payment of wages were willful.

28. The Defendants, EL TORO LOCO CHURRASCARIA 8ST. LLC and, MARA ESPINOSA, knew and/or showed reckless disregard for the provisions of the FLSA and its regulations concerning prompt, regular payment of wages.

45. The Defendants, EL TORO LOCO CHURRASCARIA LLC, ALDO ESPINOSA AND JESSICA GONZALEZ, have violated the FLSA's prompt payment requirement by failing to pay Plaintiff, promptly.

46. The Defendants, EL TORO LOCO CHURRASCARIA LLC, ALDO ESPINOSA AND JESSICA GONZALEZ violation of FLSA provisions concerning prompt, regular payment of wages were willful.

47. The Defendants, EL TORO LOCO CHURRASCARIA LLC, ALDO ESPINOSA AND JESSICA GONZALEZ knew and/or showed reckless disregard for the provisions of the FLSA and its regulations concerning prompt, regular payment of wages.

Moreover, paragraph 17 of the Plaintiff's Amended Complaint [D.E.12] has detailed allegations of all late and unpaid payments, dates of payments and amounts. Since the Plaintiff in this matter has alleged a short and plain statements of the claim showing that she is entitled to relief, the complaint in this case has easily satisfied all the foregoing conditions.

**II.     Redundancy**

The Defendants allegations in Section III (a) and (b) of their Motion to Dismiss claims that the separate counts are redundant. They are not. Plaintiff's counts I & II as well as Counts III & IV are indeed separate, non-redundant, actions against the separate entities and those entities individual owners. Plaintiff's count I is for Failure to Pay wages, i.e., money that is still due and outstanding; money that has never been paid to the Plaintiff. Count II is a violation of rate of pay; in this case failing to pay the Plaintiff at a RATE of no less than time and a half for any and all hours worked over forty. Plaintiff's count III is for Failure to Pay wages, i.e., money that is still due and outstanding; money that has never been paid to the Plaintiff. Count IV is a violation of rate of pay; in this case failing to pay the Plaintiff at a RATE of no less than time and a half for

any and all hours worked over forty. El Toro Loco Churrascaria 8th. LLC, and Mara Espinosa, have each committed a violation of both failing to pay wages (Count I); and, failing to pay wages at a RATE of no less than time and a half for any and all hours worked over forty (Count II). El Toro Loco Churrascaria, LLC., Aldo Espinosa, and Jessica Gonzalez have each committed a violation of both failing to pay wages (Count III); and, failing to pay wages at a RATE of no less than time and a half for any and all hours worked over forty (Count IV).

The Plaintiff has alleged that the individual Defendants maintained operational control over the corporate Defendants' business for the relevant time period while the Plaintiff worked for them. These allegations of "operational control" give rise to individual liability under the FLSA. The law interpreting the FLSA is uniform in that a Corporate Officer with operational control over the Employer's business is jointly and severally liable along with the Corporation. "The overwhelming weight of authority is that a corporate officer with operational control over a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962,965 (6th Cir. 1991)(citing Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir. 1983)). *See also* Martin v. W.E. Monks & Co., 508 F. Supp. 500 (S.D. Oh. 1992) *aff'd* 1 F. 3d 1241 (6th Cir. 1993). The FLSA defines an employer to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. §203(d) The Defendants do not dispute that Mara Espinosa, Jessica Gonzalez, Aldo Espinosa are Corporate Officers of the Defendant Corporations and they do not dispute that they are responsible for paying Plaintiff's wages for the relevant time period. If the allegations in the complaint of "operational control" are proven true, then the individual Defendants would be liable under the FLSA for Plaintiff's overtime wages.

Operational control of the business is, in and of itself, sufficient to give rise to individual liability under the FLSA. *See also* Antenor v. D&S Farms, 88 F. 3d 925 (11th Cir. 1996); Santelices

v. Cable Wiring and South Florida Cable Contractors, Inc., 147 F. Supp. 2d 1313 (S.D. Fla. 2001)(holding that the "economic realities test" is used to determine the existence of an employer/employee relationship under the FLSA)

The Plaintiff's explanation and supporting authority on operational control adequately refutes the Defendants' argument. In a recent opinion, the Eleventh Circuit recognized that "the overwhelming weight of the authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.[] However, we have also made clear that in order to qualify as an employer for this purpose, an officer must either be involved in the day to day operation or have the direct responsibility for the supervision of the employee." Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3D 1150, 1160 (11th Cir.2008) (citing Patel v. Wargo, 803 F.2D 632, 637-38 (11th Cir. 1986)). *See also* Brauchle v. Southern Sports Grill, Inc., 2008 WL 4500668, at *4(S.D. Fla. Oct. 1, 2008). Here, the Plaintiff alleges that Mara Espinosa, Jessica Gonzalez, Aldo Espinos are the directors and/or owners of Defendant Corporations, and that they had operational control of the businesses. These allegations are sufficient to survive a motion to dismiss.

### III. Inconsistent Damages/Liquidated Damages

The Defendants' position in Section IV of their Motion to Dismiss argues that "the liquidated damages must equal the amount of the wages sought". This, as will be demonstrated below, is not always the case.

The U.S. Court of Federal Claims has ruled that the minimum wages and overtime compensation required by the federal Fair Labor Standards Act are to be paid on time. Failing to

remit these amounts on the next regular payday after they can be computed risks a violation of the FLSA.

The ruling in <u>Martin v. U.S.</u>, 1:13-cv-00834-PEC (Fed. Cl. July 13, 2014) arose out of the federal budgeting impasse that caused the shutdown of portions of the U.S. government from Oct. 1 to 16, 2013. The plaintiffs included non-exempt employees who performed work during this period but who were not paid on their normal paydays for the work they performed after October 1. Instead, they received this compensation about two weeks after those paydays, once the necessary funds had been appropriated.

The workers apparently conceded that, once they were paid, they received all of the FLSA-required wages due. What they argued is that their not having been paid those sums on the regular paydays ran afoul of the FLSA. They contended that this automatically entitled them to an additional amount, equal to the late-paid FLSA wages, as "liquidated damages" called for under the FLSA.

There is no explicit payment deadline in the FLSA itself. Nevertheless, the U.S. Labor Department's position has long been that FLSA-mandated sums earned for a workweek must usually be paid on the regular payday for the pay period in which the workweek ends. Even when it is not possible to compute all of the necessary payments until sometime later (such as, for instance, circumstances in which overtime premium due is on a payment earned over multiple workweeks), prompt payment is necessary. The Labor Department says of such a situation that:

> [T]he requirements of the [FLSA] will be satisfied if the employer pays the excess overtime compensation as soon after the regular pay period as is practicable. Payment may not be delayed for a period longer than is reasonably necessary for the employer to compute and arrange for payment of the amount due and in no event may payment be delayed beyond the next payday after such computation can be made.

8

The Martin judge embraced USDOL's positions, concluding that the late payments were indeed unlawful. Although she also acknowledged that liquidated damages might well be due, in her view it was premature to decide the damages question.  A court is authorized to reduce or eliminate FLSA liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to [the violation] was in good faith and that he had reasonable grounds for believing that his act or omission was not [a violation] …"

Paragraph 17 of the Plaintiff's complaint alleges the failure to pay the Plaintiff on time and the length of the delay.  Failing to have paid those sums on the regular paydays runs afoul of the FLSA. Therefore, Plaintiff is automatically entitled to an additional amount, equal to the late-paid FLSA wages, as "liquidated damages" called for under the FLSA. Despite the Defendants having, ultimately paid their wages does not eliminate the violation. Therefore, the Plaintiff's damages and liquidated damages are not "equal" in amount.

WHEREFORE, Plaintiff, Angelica Gutierrez, pray that this Honorable Court deny the Defendants' Motion to Dismiss or alternatively, grant leave to amend the Plaintiff's Complaint and grant any other relief the court deems just and proper.

Dated:  August 17, 2021,

Respectfully submitted,

**JARA LAW FIRM**
13876 SW 56 Street, Suite 262
Miami, Florida 33175
Telephone: (305) 372-0290
Franklin@JaraLaw.com
Joanna@JaraLaw.com

By: /s/ Franklin A. Jara
    Franklin Antonio Jara
    Fla. Bar No. 636681

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on August 17, 2021, I caused a copy of the foregoing with the Court's CM/ECF system which will automatically send a copy of the foregoing to all registered counsel in this case.

                                    By: /s/ Franklin A. Jara
                                          Franklin Antonio Jara