**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:21-cv-22062-JLK/Becerra

ANGELICA GUTIERREZ and
other similarly situated individuals,

    Plaintiff(s),

v.

EL TORO LOCO CHURRASCARIA 8ST. LLC,
a Florida Corporation, EL TORO LOCO
CHURRASCARIA, LLC, a Florida Corporation,
MARIA ESPINOSA, JESSICA GONZALEZ, and
ALDO ESPINOSA, individually,

    Defendants.
_____/

**REPORT AND RECOMMENDATION[1] ON**
**PLAINTIFF'S VERIFIED MOTION FOR ATTORNEYS' FEES AND COSTS**

**THIS CAUSE** came before the Court on Plaintiff Angelica Gutierrez's ("Plaintiff") Verified Motion for Attorneys' Fees and Costs (the "Motion"), ECF No. [23]. Defendants El Toro Loco Churrascaria 8st. LLC, El Toro Loco Churrascaria, LLC, Maria Espinosa, Jessica Gonzalez, and Aldo Espinosa (collectively, "Defendants"), filed their Response in Opposition to the Motion (the "Opposition"), ECF No. [25], and Plaintiff filed her Reply (the "Reply"), ECF No. [26]. The Parties also appeared before the undersigned for oral argument. ECF Nos. [29], [30]. After a review of the instant Motion, the pertinent portions of the record, and the relevant authorities, and for the reasons stated below, it is hereby **RECOMMENDED** that Plaintiff's Motion be

---

[1] The Honorable James Lawrence King, United States District Judge, referred the instant Motion to the undersigned. ECF No. [24].

1

**GRANTED IN PART AND DENIED IN PART**.  Plaintiff should be awarded $9,768.00 in attorneys' fees and $537.00 in costs, for a total of $10,305.00.

## I.     BACKGROUND

On June 3, 2021, Plaintiff filed a Complaint seeking damages under the Fair Labor Standards Act ("FLSA").  ECF No. [1].  Defendants filed a Motion to Dismiss the Complaint on July 6, 2021.  ECF No. [7].  Instead of filing a response to the Motion to Dismiss, Plaintiff filed an Amended Complaint on July 15, 2021.  ECF No. [8].  On August 5, 2021, Defendants filed a Motion to Dismiss the Amended Complaint, ECF No. [12], which the Court denied on November 23, 2021, ECF No. [15].  Defendants filed their Answer and Affirmative Defenses to the Amended Complaint on December 22, 2021.  ECF No. [19].

Based on the Exhibits to the instant Motion, it appears that the Parties engaged in various attempts, mostly by e-mail, to reach a settlement before any meaningful discovery could take place.  Indeed, Plaintiff made multiple offers to settle the case, including the attorneys' fees and costs, through December 2021.  *See* ECF Nos. [23] at 8; [23-3] at 2, 8, 20–21.  Defendants made one settlement offer in December 2021.  *See* ECF No. [23-3] at 21.

On December 22, 2021, Defendants served an Offer of Judgment (the "Offer") of $3,702.80, exclusive of attorneys' fees and costs.  ECF No. [23-1].  The amount of the Offer reflected the total damages sought by Plaintiff in her Amended Complaint.  ECF No. [8] at 8.  The Offer noted that "[a]ttorney[s'] fees and cost[s] may be awarded by the Court via proper motion." *Id.* at 2–3.  Plaintiff accepted the Offer on January 6, 2022.  ECF Nos. [21] at 1; [23] at 1.  The District Court approved the Offer and entered Final Judgment for Plaintiff on January 10, 2022.  ECF No. [22].  In its Order, the District Court noted, "[t]he parties have agreed to a [F]inal [J]udgment and amount for Plaintiff but have not agreed on Plaintiff's attorneys' fees." *Id.* at 1.

Plaintiff filed the instant Motion on January 18, 2022. ECF No. [23]. Plaintiff argues that she is entitled to attorneys' fees and costs because she is the prevailing party in an FLSA dispute. *Id.* at 1. Plaintiff asserts that her counsel's hourly rate and total time billed are reasonable, and that she is entitled to recover her expended costs. *Id.* at 5–9. Specifically, Plaintiff's counsel, Mr. Franklin Jara, billed 28.6 hours at a rate of $400.00 per hour. ECF No. [23-2] at 2–5. In addition, a paralegal at the firm billed 0.8 hours at a rate of $175.00 per hour. *Id.* Plaintiff also seeks $537.00 in taxable costs, consisting of a $402.00 filing fee and a $135.00 process server cost. ECF No. [23] at 8–9.

Defendants filed their Opposition on February 1, 2022. ECF No. [25]. Defendants do not dispute Plaintiff's entitlement to attorneys' fees and costs. *See id.* Instead, Defendants argue that Plaintiff should nevertheless be barred from any recovery of attorneys' fees and costs because her counsel failed to follow the Local Rules in that a copy of the instant Motion was not provided in a timely manner. *Id.* at 1–8. Defendants also dispute the reasonableness of Plaintiff's counsel's hourly rate, the paralegal's hourly rate, and the amount of time spent on the matter. *Id.* at 9–17.

Plaintiff filed her Reply on February 8, 2022, addressing her counsel's skill and experience; providing further information regarding the hours billed on this matter; and providing additional detail surrounding the Parties' conferral process. *See* ECF No. [26]. After ordering the Parties to confer and discuss a resolution of the pending dispute, the Court held argument on the Motion on July 27, 2022. ECF Nos. [29], [30].

II.     ANALYSIS

   A. Entitlement to Fees and Costs

The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant,

3

and costs of the action." 29 U.S.C. § 216(b). "Thus, fee awards are mandatory for prevailing plaintiffs in FLSA cases." *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1346 (S.D. Fla. 2007) (citing *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985)). In addition, under Federal Rule of Civil Procedure 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless otherwise directed by a court or statute. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991) (citing Fed. R. Civ. P. 54(d)(1)). A presumption exists in favor of awarding costs. *Id.* However, a court may only award a prevailing party the costs enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987).

The Parties do not dispute that Plaintiff is the prevailing party. *See* ECF Nos. [23] at 2–3; [25]. Indeed, after Plaintiff accepted the Offer, the District Court entered Final Judgment for Plaintiff. ECF No. [20]. Thus, Plaintiff is entitled to an award of attorneys' fees and costs.

### B. Local Rule 7.3

Defendants argue that Plaintiff's counsel failed to strictly comply with Local Rule 7.3, and therefore, Plaintiff cannot recover any of her attorneys' fees and costs. ECF No. [25] at 1, 3–8. Specifically, Defendants argue that Plaintiff's counsel provided billing records and invoices to Defendants in lieu of a complete draft of the Motion as required by Local Rule 7.3. *Id.* at 1, 3–8. Defendants further assert that Plaintiff's counsel was unwilling to confer about those invoices in detail, because Plaintiff's counsel was "driving in his car during the conferral" and attempted to settle his attorneys' fees on the call. *Id.* at 3. Plaintiff responds that her counsel provided a complete copy of all attorneys' fees sought, scheduled a conferral call, and was prepared to discuss each time entry in detail at the time of conferral, whereas Defendants' counsel was unprepared at

the time of conferral, and ended the call early to review the time entries and discuss them with his clients.  ECF No. [26] at 1–2.

The undersigned finds that Plaintiff is not barred from recovering her attorneys' fees and costs.  Local Rule 7.3 acts as "a mechanism to assist parties in resolving attorney[s'] fee and costs disputes by agreement."  S.D. Fla. L.R. 7.3.  Local Rule 7.3(a) includes several requirements that must be met before a party files a motion for attorneys' fees, including the obligation of counsel to confer prior to filing.  S.D. Fla. L.R. 7.3(a)(8).  Local Rule 7.3(b) additionally requires the parties to confer in good faith regarding all disputed aspects of a fee claim.  S.D. Fla. L.R. 7.3(b).  Finally, Local Rule 7.3(c) requires the party seeking costs to provide documentation to support an award of costs.  S.D. Fla. L.R. 7.3(c).

Here, Plaintiff provided Defendants with her counsel's hourly rate, number of hours billed, and detailed descriptions of work performed prior to filing her Motion.  ECF No. [26] at 1–2.  In fact, those documents did facilitate a meaningful conferral on the same.  ECF Nos. [23] at 10; [25] at 1–2; [26] at 1–2.  The record shows that Plaintiff's counsel and Defendants' counsel conferred both via e-mail and telephone prior to filing the Motion—discussing even specific itemized time entries during the conferral.  ECF Nos. [25] at 1–2; [26] at 1–2.  Thus, under these circumstances, Plaintiffs' failure to provide a complete copy of the Motion to Defendants did not inhibit meaningful conferral, and should not bar Plaintiff from recovery of attorneys' fees.

Moreover, because there was no dispute that Plaintiff prevailed, the only dispute that could have arisen was as to hourly rate and amount of hours.  As to rate, Defendants' argument that they did not have full information regarding the hourly rate is meritless given that the rate sought is not only Defendants' counsel's own rate, it is also a rate that is routinely awarded in FLSA cases for attorneys with the same number of years of experience as Plaintiff's counsel, a fact well known to

Defendants' counsel. As to amount of hours expended, Defendants do not dispute that they had full billing records at the time of the scheduled conferral call, which Defendants' counsel admits he discussed on the call. ECF No. [25] at 1–2 ("[A]fter undersigned counsel went through the first few entries, Plaintiff's counsel simply asked for an offer to settle his fees."). As such, the failure to provide the draft Motion did not in any way frustrate the purpose of the Rule, which is to ensure that the parties have a meaningful opportunity to resolve their attorneys' fees disputes before incurring further time and expense in litigating the issue.

Defendants cited to four cases in support of their position. Each is readily distinguishable from the instant case. Indeed, each case involved a complete or near-complete failure to confer prior to filing a motion for attorneys' fees, whereas here, Plaintiff's counsel did provide complete billing records, *and* engaged in meaningful discussion prior to filing. For instance, in *J.B. Hunt Transportation, Inc. v. S&D Transportation, Inc.*, the plaintiff failed to provide not only a draft motion but also *any* billing records or descriptions of work performed to facilitate a meaningful conferral on the same. No. 0:11-cv-62096, 2013 WL 12086280, at *2–4 (S.D. Fla. Sept. 11, 2013), *report and recommendation adopted*, No. 0:11-cv-62096, 2013 WL 12086281, at *2 (S.D. Fla. Sept. 19, 2013), *aff'd*, *J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, 589 F. App'x 930 (11th Cir. 2014). The Magistrate Judge noted, "the Local Rules of this Court set forth the method of proving that a party is entitled to its claimed attorneys' fees, and *by its complete failure* to follow that procedure, the Plaintiff has made it impossible to determine the reasonableness of its fee claim." *Id.* at *4 (emphasis added). In *Wardak v. Goolden*, the defendants "concede[d] that *none of the requirements* of Local Rule 7.3(a) were met," prior to filing their motion for attorneys' fees. No. 1:19-cv-21121, 2020 WL 6749171, at *4 (S.D. Fla. Sept. 8, 2020) (emphasis added), *report and recommendation adopted*, No. 1:19-cv-21121, 2020 WL 6748032 (S.D. Fla. Nov. 17, 2020).

6

Indeed, the parties failed to confer at all prior to filing. *Id.* In *Irish v. Reynolds*, the only conferral that took place between the parties was a single e-mail from the plaintiffs' counsel to the defendant's counsel. No. 4:13-cv-10063, 2018 WL 1863765, at *3 (S.D. Fla. Jan. 9, 2018), *report and recommendation adopted*, *Irish v. Hyde*, No. 4:13-cv-10063, 2018 WL 1863747 (S.D. Fla. Feb. 9, 2018). That e-mail simply asked whether the defendant would dispute the plaintiffs' entitlement to attorneys' fees and the appropriate amount of fees, but failed to offer any meaningful conferral on the same. *Id.* Finally, in *Norych v. Admiral Insurance Company*, the defendant both failed to serve a draft motion for attorneys' fees on plaintiffs' counsel and failed to confer regarding the same within the allotted time set forth in the Local Rules. No. 08-cv-60330, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010). The District Court rejected the defendant's argument that conferral would have been futile, stating that futility is not a sufficient reason to circumvent the whole conferral process. *Id.*

Finally, Defendants also cursorily argue that Plaintiff cannot recover costs because she failed to file a bill of costs. Defendants provide no support for this assertion in their Opposition. While Plaintiff did not file a separate bill of costs, she did file documentation to support her expended costs, attached to the Motion as ECF No. [23-4]. At the hearing, Defendants did not dispute the cost of the standard filing fee or service of process. Thus, the undersigned finds that Plaintiff is not barred from recovery of costs.

### C.  Reasonableness of Attorneys' Fees

The Eleventh Circuit has adopted the lodestar method to determine the reasonableness of an award of attorneys' fees. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). To determine a lodestar amount, a court must ascertain a reasonable hourly rate and multiply it by the number of hours an attorney reasonably expended on the litigation. *Id.*; *Caplan*

*v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1089 (11th Cir. 2022) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Where the time or fees claimed appear excessive, or there is a lack of support for the fees claimed, "the court may make the award on its own experience." *Norman*, 836 F.2d at 1303. The burden of establishing that the request for attorneys' fees is reasonable rests with the applicant, who must submit evidence regarding the number of hours expended and the hourly rate claimed. *Id*. Evidence in support of the applicant's request requires "sufficient particularity so that the district court can assess the time claimed for each activity." *Id*. The party seeking attorneys' fees must supply the Court with "'specific and detailed evidence' in an organized fashion." *Machado v. Da Vittorio, LLC*, No. 1:09-cv-23069, 2010 WL 2949618, at *1 (S.D. Fla. July 26, 2010) (quoting *Norman*, 836 F.2d at 1303).

### 1. The Hourly Rate

Plaintiff's counsel, Mr. Franklin Jara, requests an hourly rate of $400.00 per hour. ECF No. [23] at 5–6. Plaintiff's counsel submits that this rate is reasonable due to his 19 years[2] of experience practicing law, including approximately 15 years of experience in employment-related matters. ECF Nos. [23] at 5–6; [26] at 3–4. Defendants challenge Plaintiff's counsel's qualifications meriting a $400.00 hourly rate, and instead assert that his rate should be reduced to $275.00 per hour. ECF No. [25] at 2. Defendants provide no support for this reduced rate. Indeed, Defendants' counsel, Mr. Sundeep Mullick, admitted at the hearing that he himself charges an hourly rate of $400.00 per hour for his work on FLSA matters such as this.

---

[2] Plaintiff's counsel indicated both that he has been practicing as a trial attorney for 21 years and that he began his practice of law in 2003. ECF Nos. [26] at 3; [23] at 5. Based on the undersigned's own review, it appears that Plaintiff's counsel was admitted to the Florida Bar in April 2003 after graduating from law school in 2002, and thus has been practicing law for approximately 19 years. *See* Member Profile, https://www.floridabar.org/directories/find-mbr/profile/?num=636681 (last visited August 9, 2022); Jara Law Firm, https://jaralaw.com/attorneys-1 (last visited August 9, 2022).

8

Based on the Court's review of Plaintiff's counsel's experience in comparison to the reasonable rate in this District, the undersigned finds that $400.00 per hour is a reasonable rate for Plaintiff's counsel. *See Watts v. Club Madonna, Inc.*, No. 1:17-cv-24666, 2019 WL 2271947, at *2 (S.D. Fla. Feb. 14, 2019) (finding that $400.00 per hour was a reasonable hourly rate for FLSA counsel, including Mr. Lowell J. Kuvin, one of Defendants' attorneys in this matter, who had approximately 11 years of experience at the time of the fee award), *report and recommendation adopted*, No. 1:17-cv-24666, 2019 WL 2268979 (S.D. Fla. Mar. 8, 2019); *Ramirez v. Supersonic of Fla., Inc.*, No. 1:20-cv-21592, 2021 WL 2953628, at *3 (S.D. Fla. June 7, 2021) (awarding the plaintiff's counsel an hourly rate of $400.00 in an FLSA case), *report and recommendation adopted*, No. 1:20-cv-21592, 2021 WL 2953194 (S.D. Fla. July 14, 2021).

Plaintiff also requests an hourly rate of $175.00 per hour for work performed by a paralegal. ECF No. [23-2] at 2–5. However, Plaintiff provides no support to justify this rate. Defendants assert that an appropriate rate for a paralegal's work on an FLSA case in this District is $135.00 per hour. ECF No. [25] at 10. Given the lack of support for the requested rate, the undersigned recommends that the rate for the paralegal be reduced to $135.00 per hour. *See Corson v. Gregory Charles Interiors, LLC*, No. 9:19-cv-81445, 2020 WL 6323863, at *5 (S.D. Fla. Aug. 7, 2020) (reducing the hourly rate for a paralegal from $200.00 to $135.00 per hour), *report and recommendation adopted*, Paperless Order adopting Report and Recommendation, *Corson v. Gregory Charles Interiors, LLC*, No. 9:19-cv-81445 (S.D. Fla. Aug. 24, 2020), ECF No. [15]; *Leon v. Atlass Sys. Inc.*, No. 1:15-cv-24428, 2016 WL 1692107, at *3 (S.D. Fla. Apr. 19, 2016) (finding $135.00 per hour to be a reasonable rate for a paralegal), *report and recommendation adopted*, Order Adopting Magistrate Judge's Report and Recommendation Granting in Part and

Denying in Part Plaintiff's Motion for Attorneys' Fees and Costs, *Leon v. Atlass Sys. Inc.*, No. 1:15-cv-24428 (S.D. Fla. May 11, 2016), ECF No. [20].

### 2. The Amount of Hours Billed

The next step in the computation of the lodestar is a determination of reasonable hours expended on the litigation. A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983)). A fee applicant must exercise billing judgment by excluding "excessive, redundant or otherwise unnecessary [hours]." *Hensley*, 461 U.S. at 434. Where a fee applicant does not exercise billing judgment, "courts are obligated to do it for them." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Thus, when a request for attorneys' fees is unreasonably high, the court "may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

Here, Plaintiff's counsel billed 28.6 hours and a paralegal at the firm billed 0.8 hours. ECF No. [23-2] at 2–5. Plaintiff's counsel submitted detailed time entries to support those figures, which are attached to Plaintiff's Motion as ECF No. [23-2]. Defendants argue that Plaintiff's counsel's time spent should be reduced by 14.8 hours, and the paralegal's time should be denied in its entirety. ECF No. [25] at 15–16. Defendants arrived at this figure by drastically reducing what they purport to be clerical or excessive time entries. *Id.* at 12–15. To be clear, Defendants' proposed reduction would produce an award of only $5,520.00 for Plaintiff's counsel on this matter—less than half of what Plaintiff is seeking. *Id.*

After a thorough review of the time entries, the undersigned finds that although most of the time spent is reasonable, a number of adjustments are warranted. First, Plaintiff's counsel billed

at his hourly rate of $400.00 per hour for certain clerical tasks, which are not compensable. *See Walker v. Iron Sushi LLC*, No. 0:17-cv-61472, 2018 WL 10140151, at *3 (S.D. Fla. Feb. 7, 2018) ("[T]he billing file contains several instances where it appears the attorneys performed clerical work on the file, which cannot be included in any fee award."), *aff'd*, 752 Fed. App'x 910 (11th Cir. 2018); *James*, 489 F. Supp. 2d at 1352–53 (deducting clerical entries performed by senior attorneys from fee award). Specifically, of the time entries submitted, Plaintiff is **not** entitled to recover for the following clerical tasks: 2.25 hours billed on 05/17/2021 for preparing a spreadsheet of wages; 0.2 hours billed on 06/03/2021 for filing the Complaint; 0.2 hours billed on 06/03/2021 for receiving and reviewing the Summons; 0.2 hours billed on 06/15/2021 for reviewing service of process status updates; 1.5 hours billed on 06/25/2021 for scanning paystubs; and 0.1 hours billed on 06/28/2021 for filing affidavits of service.

Second, Plaintiff's billing records contain excessive time entries. *See Hensley*, 461 U.S. at 434 (requiring exclusion of "excessive, redundant or otherwise unnecessary [hours]" in a fee award). Specifically, Plaintiff is **not** entitled to recover for the following excessive time entries: 0.5 hours billed on 06/03/2021 for revising the Complaint, given that the Complaint was fairly basic and required amendment; 1.0 hours billed on 07/15/2021 for amending the Complaint; 1.2 hours billed on 11/30/2021 for reviewing filings in another case involving Defendants; and 0.3 hours billed on 12/21/2021 for drafting an e-mail to Defendants' counsel.

In short, Plaintiff's counsel's billable hours should be reduced by 7.45 hours. The paralegal's billable hours, however, need not be reduced, as the work performed was reasonable. Thus, Plaintiff is entitled to recover fees for 21.15 hours of her counsel's time at the rate of $400.00 per hour, and 0.8 hours of the paralegal's time at $135.00 per hour.

### D. The Request for Costs

Title 28, United States Code, Section 1920 "defines the term costs as used in [Federal Rule of Civil Procedure] 54(d) and enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting*, 482 U.S. at 437 (quotations omitted). The specific costs which may be awarded are as follows:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

As previously set forth, there is no dispute that Plaintiff is the prevailing party, and as such, is entitled to an award of costs. Plaintiff requests $537.00 in taxable costs, including $402.00 for the case filing fee and $135.00 in service of process costs. ECF No. [23] at 9. Plaintiff's filing fee and service of process costs are recoverable under Section 1920. *See Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1315–16 (S.D. Fla. 2009) (noting that filing fees and service of process costs are recoverable under 28 U.S.C. § 1920). First, the "filing fee clearly falls within the scope of Section 1920(1)," and as such, should be awarded to Plaintiff. *Grubbs v. A-1 Gutters and More, LLC*, No. 2:17-cv-14304, 2018 WL 4410914, at *2 (S.D. Fla. June 29, 2018). Second, as to service of process costs, Plaintiff requests reimbursement for the service of the Complaint upon multiple Defendants. ECF No. [23] at 9. Specifically, Plaintiff requests $45.00 for service of the Complaint on Defendant Aldo Espinosa, $45.00 for service of the Complaint on Defendant Mara Espinosa, and $45.00 for service of the Complaint on Defendant Jessica Gonzalez. ECF No. [23-4] at 2. The

costs for service on Defendants are fully recoverable because they are equal to or lower than $65.00, the standard hourly rate that the U.S. Marshal's Service charges for service of process. *See* 28 C.F.R. § 0.114 (noting that the U.S. Marshal's Service currently charges $65.00 per hour for each item served). In sum, the undersigned finds that Plaintiff should recover the full amount of $537.00 in taxable costs sought.

### E. Attorneys' Fees For The Instant Motion

As stated at the hearing, Plaintiff's counsel requests a total of 3.0 hours for preparing the Motion, preparing the Reply, and attending the hearing on the same. During the hearing, Defendants agreed that 3.0 hours was appropriate. Given that the hourly rate for Plaintiff's counsel is $400.00, the undersigned finds that Plaintiff is entitled to an additional $1,200.00 in attorneys' fees.

### III. CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiff's Motion, ECF No. [23], be **GRANTED IN PART AND DENIED IN PART**. Plaintiff should be awarded $9,768.00 in attorneys' fees and $537.00 in costs, for a total of $10,305.00.

### IV. OBJECTIONS

The Parties have **SEVEN (7)** days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. A shortened objection period is warranted as the Parties were given ample time to argue their positions at the hearing. Any request for an extension of this deadline must be made within **THREE (3)** calendar days from the date of this Report and Recommendation. Failure to timely file objections shall bar the Parties from *de novo* determination by the District Judge of any factual or legal issue covered in the report and shall bar the Parties from challenging on appeal the District Judge's Order based on any factual or

legal conclusions included in this Report and Recommendation to which the Parties failed to object. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers in Miami, Florida on August 9, 2022.

_____
**JACQUELINE BECERRA
United States Magistrate Judge**